PITTSBURGH CONSOLIDATION COAL COMPANY, Appellant,

v.

Willie D. HALL, Appellee.

Court of Appeals of Kentucky.

Feb. 24, 1961.

Rehearing Denied May 12, 1961.

Francis L. Rice, Pikeville, Clark Pratt, Hindman, W. G. Stathers, Clarksburg, W. Va., Allen Prewitt, Frankfort, for appellant.

D. G. Boleyn, Hazard, Cordell H. Martin, Hindman, for appellee.

STANLEY, Commissioner.

The appellant, Pittsburgh Consolidation Coal Company, and two individuals, to whom it had executed a license to mine coal, brought this action against the appellee, Willie D. Hall, asserting the company's title to the minerals in a certain

tract, charging that the defendant had stopped the mining operations and was claiming title to the minerals. The plaintiffs prayed that the court adjudge title in the company and enjoin the defendant from interfering with its use and occupation of the property.

The defendant traversed the allegations of the complaint and claimed ownership and possession of a described area. He stated that the boundary claimed by the plaintiffs conflicted with his boundary, but that he is the owner thereof "to the entire extent of said conflict." The defendant challenged the validity of the plaintiff's claimed title on the ground that its remote vendors were not the owners or legal title holders of the tract or the conflicting portion. He pleaded adverse possession and prayed a dismissal of the complaint.

The trial court regarded the case as involving the proper location of a division line and rendered judgment for the defendant. The company is the only appellant.

James King owned a large body of land on Right Beaver Creek in Knott County. In January, 1897, he divided his land among his five children by his first wife and his second wife, Druscilla, and their children. The deeds described the respective boundaries in a general way—by creeks, branches, ridges, drains and trees. The present difficulties stem from those indefinite descriptions. It appears that James King was undertaking to convey each of his grantees about 200 acres. One deed was to his son Hazadore King. The questioned boundary is between that tract (called No. 936) and the tract conveyed to Druscilla and her children (called No. 935).

Inheritance and mesne conveyances of both tracts brought the titles to the minerals in the controversial fifty acres to the appellant as part of the Hazadore King tract and, apparently, the surface and minerals to the appellee as part of the Druscilla King tract. Numerous deeds with diverse descriptions are proved in evidence. The parties have undertaken to trace the lines down to the present owners. The appellant's predecessor in title to the minerals, or the appellant, had the tract surveyed and mapped. Those surveys and maps are supplemented by aerial and geological maps which show the topography of the land.

The trial court found that the plaintiff, Pittsburgh Consolidation Coal Company, is the owner of all the minerals in what was the Hazadore King tract and regarded the issue as being the location of the lines established by the original grantor, James King. The court located that line upon the testimony of W. J. King, a grandson of James King, who lives on the land. The witness was 65 years old when he testified in September, 1956. He testified to family traditions as to the boundary lines and identified the creeks, ridges and trees, existing or gone. As we understand his evidence, he had some factual knowledge concerning the running of a particular line, which he had acquired when a boy, and testified to what he remembered.

Because of our difficulty in clearly understanding the large and intricate record, we brought the attorneys for both parties here for an informal oral conference and clarification. The court has reached the conclusion from the record and its elucidation by the attorneys that the dividing boundary line is not as the trial court located it upon the testimony of the witness W. J. King, but is the line defined and claimed by the appellant.

All the lines claimed by the appellant consistently follow the natural objects and monuments, especially a principal ridge and several water courses, laid down in the original and earlier conveyances. These lines loop around to the south to embrace a tract quite regular in form. In order for the two respective original deeds of James King to Hazadore and Druscilla and her children to contain approximately 200 acres, this fifty acres must have been included in Hazadore's deed. Otherwise,

Hazadore would have received 150 acres and Druscilla and her children, 250 acres. The line described by the witness W. J. King cuts nearly straight across the tract in an east and west direction. We think the court erred in accepting this verbal testimony as against the record evidence.

There are other reasons for our conclusion which were deduced from the examination of the confused record and the explanations given in the conference. We, therefore, reverse the judgment with directions to find for the appellant.

Judgment reversed.